UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADRIANNA WADSWORTH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAINE SCHOOL ADMINISTRATIVE )<br>DISTRICT 40/REGIONAL SCHOOL )<br>UNIT 40 et al., )<br>)<br>    Defendants. ) | 2:19-cv-00577-JAW |

**ORDER ON MOTION FOR JUDGMENT AND STAY**

Applying First Circuit law to the provisions of Federal Rule of Civil Procedure 54(b), the court grants a motion for partial judgment to allow for the appeal of certain dispositive motions and a motion to stay the remaining claims until resolution of the appeals.

**I.    BACKGROUND**

On December 27, 2019, Adrianna Wadsworth filed a civil action in this court against Maine School Administrative District 40/Regional School Unit 40 (RSU 40 or the District), Andrew Cavanaugh, and Chuck Nguyen on various legal theories, alleging that Mr. Cavanaugh, the high school principal, sexually harassed her when she was a student and that the other Defendants were complicit in his harassment. *Compl.* (ECF No. 1); *Pl.'s Am. Compl.* (ECF No. 15). Ms. Wadsworth's civil action has been the subject of intensive and exhaustive pretrial motion practice. *See Order on Def. Chuck Nguyen's Mot. to Dismiss* (ECF No. 36); *Order on MSAD 40/RSU 40's Mot. to Dismiss* (ECF No. 39); *Am. Order on MSAD 40/RSU 40's Mot. for Summ. J.*

(ECF No. 139) (*RSU 40 Order*); *Order on Chuck Nguyen's Mot. for Summ. J.* (ECF No. 140) (*Nguyen Order*); *Order on Andrew Cavanaugh's Mot. for Summ. J.* (ECF No. 141) (*Cavanaugh Order*).

On April 19, 2023, the Court duly scheduled the case for final pretrial conference with an anticipated trial date of October 2023. *Order Granting Mot. To Continue* (ECF No. 144). However, on April 20, 2023, Ms. Wadsworth moved for entry of partial final judgment as to all federal claims and to stay all state claims. *Pl.'s Mot. for Entry of Partial Final J. as to all Fed. Cls. and Mot. to Stay all State Cls.* (ECF No. 146) (*Pl.'s Mot.*). None of the parties responded to Ms. Wadsworth's motion.

Meanwhile, on April 27, 2023, Mr. Nguyen filed a notice of appeal of the Court's denial of his dispositive motion on the state law claims. *Def Chuck Nguyen's Notice of Appeal* (ECF No. 147). Mr. Nguyen states that his appeal is being taken "of right pursuant to an exception to the final judgment rule." *Id.* at 1. In support, he cites *Polly v. Atwell*, 581 A.2d 410, 412-13 (Me. 1990), *Smith v. School Administrative District 58*, 582 A.2d 247, 249 (Me. 1990), *Darling v. Augusta Mental Health Institute*, 535 A.2d 421, 430 (Me. 1987), and *Faucher v. City of Auburn*, 465 A.2d 1120, 1123 (Me. 1983).

## II.   PLAINTIFF'S POSITION

In her motion, Ms. Wadsworth contends that it is preferable to allow her to proceed with an appeal of those claims the Court has dismissed or on which the Court has granted summary judgment. *Pl.'s Mot.* at 1. She says that an appeal will allow the parties to proceed with full knowledge of which parties are properly before the

court and which claims are viable. *Id.* at 2. She contends that the appeal will also clarify which court has jurisdiction, thereby avoiding the possibility of trials in both state and federal court. *Id.* Ms. Wadsworth observes that as Mr. Nguyen is proceeding with an appeal as a matter of right, her appeal of the Court's dispositive rulings will not delay the resolution of the case. *Id.*

### III. LEGAL STANDARDS

In *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th 18 (1st Cir. 2022), the First Circuit addressed the propriety of a trial court's issuance of a partial judgment to allow for immediate appellate review. By statute, federal appellate courts have jurisdiction of appeals only from "'final decisions' of the district court." *Id.* at 27 (quoting 28 U.S.C. § 1291). "This finality principle typically requires a final disposition of all claims in an action that have been brought by or against all of the parties." *Id.* Nevertheless, Federal Rule of Civil Procedure 54(b) "carves out an exception: it permits a district court to issue a partial final judgment that is immediately appealable as to particular claims or parties when those claims or parties can be sufficiently separated from other claims or parties in the case." *Id.* at 28.

Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer

> than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).  The First Circuit has cautioned that the district court's authority under Rule 54(b) is "narrowly circumscribed."  *Amyndas*, 28 F.4th at 28.  "Only if the court supportably determines both that its decision regarding a claim or party is sufficiently final and that 'there is no just reason for delay[ing]' an immediate appeal may it enter a partial final judgment under Rule 54(b)."  *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  The *Amyndas* Court explained that Rule 54(b) "is designed to balance the need for the timely adjudication of important issues that arise early in a case with the 'long-settled and prudential policy against the scattershot disposition of litigation.'"  *Id.* (quoting *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988)).  The First Circuit wrote that "[t]he entry of '[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims of parties.'"  *Id.* (quoting *Spiegel*, 843 F.2d at 42 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981))).

The district court must first "assess the finality of the disputed ruling."  *Spiegel*, 843 F.2d at 42.  The United States Supreme Court has written that "the District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291."  *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)) (emphasis in original).  The district court must be satisfied that its ruling "at a bare minimum, disposes fully 'of at least a single substantive

4

claim.'" *Spiegel*, 843 F.2d at 43 (quoting *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978)).

If the district court determines that the ruling is final, the trial court must turn to whether "there is no just reason for delay." *Id.* (quoting FED. R. CIV. P. 54(b)). In making this assessment, the district court "acts as a 'dispatcher,' determining which final decisions should await appeal in the ordinary course and which should be permitted to go forward immediately." *Amyndas*, 28 F.4th at 28 (citing *Curtiss-Wright*. 446 U.S. at 8). In *Spiegel*, the First Circuit referred to *Allis-Chalmers Corporation v. Philadelphia Electric Company*, 521 F.2d 360 (2d Cir. 1975) as listing appropriate factors to consider. 843 F.2d at 43, n.3. In *Allis-Chalmers*, the Third Circuit identified:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

521 F.2d at 364.

## IV.   DISCUSSION

### A.   Finality

Turning to the first factor, the Court easily determines that the Court issued a final order on the claims being appealed to the First Circuit. As regards RSU 40, the Court granted summary judgment in its entirely to all Ms. Wadsworth's claims against the school union; this order satisfies the finality requirement because all

claims against the school union have been resolved. *Amyndas*, 48 F.4th at 28 ("[T]he dismissal of Amyndas's claims against the Zealand defendants satisfies [the finality requirement]"); *Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 107 n.3 (1st Cir. 2016) ("The ruling dismissing all claims against Moody's for lack of personal jurisdiction clearly 'dispose[s] of all the rights and liabilities of at least one party as to at least one claim' and so satisfies Rule 54(b)'s finality requirement") (quoting *State St. Bank & Tr. Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996)). In the orders on the Cavanaugh and Nguyen claims, the Court fully disposed of all federal claims under 42 U.S.C. § 1983, and therefore as to the federal claims, there is finality.

### B. Just Reason for Delay

The Court turns to whether there is "just reason for delay." FED. R. CIV. P. 54(b). If RSU 40 were the only Defendant, Ms. Wadsworth's claim against it would be subject to immediate appeal and therefore the assessment of this factor depends upon the remaining two Defendants. In its summary judgment orders against Mr. Cavanaugh and Mr. Nguyen, the Court granted judgment against the federal claims and retained the state tort claims. *Cavanaugh Order* at 89; *Nguyen Order* at 91. In *Federal Home Loan Bank*, the First Circuit focused on whether the judgment "rests on purely legal grounds distinct from the factual questions of liability being litigated by the remaining parties," and whether there is a "problematic 'imbrication between the dismissed [parties] and the surviving [parties]." 821 F.3d at 107, n.3 (quoting *Spiegel*, 843 F.2d at 45). Here, the Court based its ruling on the state claims against

both Mr. Cavanaugh and Mr. Nguyen on legal principles distinct from Ms. Wadsworth's civil actions under 42 U.S.C. § 1983.

Turning to the second *Allis-Chalmers* factor, because the Court is staying the portions of the case unrelated to the matters on appeal, it is unlikely that this Court's disposition of those matters would moot the issues on immediate appeal.

The third *Allis-Chalmers* factor is whether the appellate court will be required to review the same issues a second time. If the First Circuit reaches the merits of this Court's dispositive orders, it would be unlikely that the appellate court would have to revisit them a second time, having clarified the law the first time.

The fourth *Allis-Chalmers* factor – counterclaims or set offs – is not applicable here.

The Court turns to the fifth *Allis-Chalmers* factor, miscellaneous issues. A premise of Ms. Wadsworth's motion for partial judgment and stay is that as Mr. Nguyen is appealing the Court's decisions on discretionary function immunity and the notice provisions of the Maine Tort Claims Act, her appellate challenge of the Court's dispositive rulings will cause no delay since the First Circuit will be addressing the Nguyen appeal. Although the appealability of an interlocutory order is mainly an issue for the appellate courts, this Court reviewed the current state of Maine law and agrees with Ms. Wadsworth that the Court of Appeals for the First Circuit may well accept Mr. Nguyen's interlocutory appeal in this case. As recently as October 13, 2020, the Maine Supreme Judicial Court reiterated its view that a summary judgment order denying the availability of discretionary function immunity

7

is immediately appealable. *McDonald v. City of Portland*, 2020 ME 119, ¶ 8, 239 A.3d 662 ("[T]he denial of a motion for summary judgment based on a claim of immunity is immediately reviewable pursuant to an exception to the final judgment rule"). Moreover, whether the First Circuit reaches the merits of Mr. Nguyen's interlocutory appeal or decides it on procedural grounds, the case against Mr. Nguyen will be delayed pending its appellate disposition.

It is true that the Court could proceed with Ms. Wadsworth's remaining state claims against Mr. Cavanaugh, but if Mr. Nguyen is unsuccessful in his appeal, this would result in two trials: one against Mr. Cavanaugh and the other against Mr. Nguyen. Furthermore, if the Court erred in granting summary judgment on the federal claims against Mr. Cavanaugh, the approach could even result in two trials against Mr. Cavanaugh. Also, with the granting of summary judgment in its entirety in favor of RSU 40, a final judgment of Ms. Wadsworth's claims against RSU 40 awaits only the resolution of the claims against Mr. Nguyen and Mr. Cavanaugh.

In sum, the Court concludes that because it would be preferable to hold one jury trial disposing of all viable claims, this case falls into one of those rare categories where a partial judgment should issue, and the remaining matters should be stayed pending resolution of the appeals to the First Circuit. To avoid losing track of this case, however, the Court orders the parties to file status reports with this Court every 120 days.

## V. CONCLUSION

The Court GRANTS Plaintiff Adrianna Wadsworth's Motion for Entry of Partial Final Judgment as to all Federal Claims and Motion to Stay all State Claims (ECF No. 146). The Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b):

1) *Adrianna Wadsworth v. Maine School Administrative District 40/Regional School Unit 40*: judgment in favor of Maine School Administrative District 40/Regional School Unit 40 and against Adrianna Wadsworth on all counts of Adrianna Wadsworth's Amended Complaint;

2) *Adrianna Wadsworth v. Andrew Cavanaugh*: judgment in favor of Andrew Cavanaugh and against Adrianna Wadsworth on Count II of Adrianna Wadsworth's Amended Complaint; and

3) *Adrianna Wadsworth v. Chuck Nguyen*: judgment in favor of Chuck Nguyen and against Adrianna Wadsworth on Count II of Adrianna Wadsworth's Amended Complaint.

The Court further STAYS all remaining claims pending resolution of the appeals, and the Court ORDERS the parties to file status reports every 120 days from the date of this order until resolution of the appeals.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2023